Forburger Stone Co. v. Young.

---

FORBURGER STONE COMPANY, APPELLANT, V. FRED J. YOUNG, JR., ET AL., APPELLEES.

FILED JUNE 24, 1924.  No. 22819.

1. **Evidence:** OPINION AS TO ULTIMATE FACT.  Where, in an action to recover the contract price for cut stone delivered to the contractor. a counterclaim is filed for damages suffered by delays in furnishing the stone, it is error to permit defendant and other witnesses to state their opinion or conclusion as to the total period of such delay, that being one of the final facts to be found by the jury from the evidence.

2. **Damages:** PLEADING.  Such damages as naturally flow from a breach of contract are presumed to have been within the contemplation of the parties and need not be specially pleaded.

3. **Sales:** IMMATERIAL EVIDENCE.  Where it is not shown by competent evidence that the contractor was put to any extra expense

on account of delay in furnishing the stone by reason of an increase in the wage scale, evidence of such increase is immaterial.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Claude S. Wilson* and *Albert S. Johnston,* for appellant.

*Tyrrell & Westover, Reavis & Beghtol, Carl E. Sanden* and *W. B. Comstock, contra.*

Heard before MORRISSEY, C. J., DAY, DEAN, ROSE and LETTON, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action brought on a written contract to recover a balance of the contract price for cut stone furnished by plaintiff to defendant, Fred J. Young, Jr., contractor, for the erection of a school building in the city of Lincoln. The United States Fidelity & Guaranty Company, surety on the contractor's bond, was joined as defendant, and filed a general denial. By the terms of the contract the stone was to be delivered so as "to keep up with the progress of the building." The contract price was $9,200, of which $8,000 has been paid, and the plaintiff asks judgment for the remainder, $1,200, and $24.50 for extras furnished. The contract was executed September 24, 1919. The defendant answered and admitted the execution of the contract and set up a number of defenses, as follows: (1) That before entering into the contract with the school district he procured a proposal for the cut stone work from the plaintiff at $8,200 on July 28, 1919; that thereupon, on the basis of plaintiff's proposal, he filed his bid with the school district July 31, and on August 4 posted a certified check for $3,500 as required, and on August 5 his bid was accepted and he became bound to enter into a contract with the district to erect the school building; that on August 6 he received notice from plaintiff that an error in addition had been made in their proposal in the sum of $1,000, and that the same would have to be withdrawn or increased to

$9,200, wherefore defendant alleged plaintiff was estopped from claiming more than $8,200. Defendant further alleged that he was compelled to enter into the contract sued upon as he could not get the stone elsewhere. (2) That the plaintiff failed to deliver the stone at the time required by the contract, whereby defendant had been damaged in the sum of $3,000. Plaintiff filed a reply putting in issue the allegations of the answer and counterclaim.

Upon the trial defendant's first defense was eliminated by the court, and the case was submitted to the jury upon the question of the delay in furnishing the stone and the amount of damages suffered by the defendant in consequence thereof. The jury found for the plaintiff in the sum of $1,336, and for the defendant on his counterclaim $1,200, and returned a verdict for the plaintiff for the difference, $136. Motion of plaintiff for a new trial was overruled, judgment upon the verdict, and plaintiff appeals. No cross-appeal was taken by defendant, so that the questions discussed in the briefs having reference to the first defense set up in the answer are not before us for consideration.

The errors assigned by plaintiff and upon which he relies for reversal are: (1) In the reception by the court of incompetent evidence over the objection of plaintiff; (2) the allowance of proof of special damages where none were alleged; (3) error in instruction No. 11 given by the court. Of these in their order:

1. Defendant was called as a witness and was asked this question: "How long was this contract delayed by his failure to furnish stone?" And he answered: "Five months." Plaintiff objected to the question as calling for a conclusion of the witness, immaterial, incompetent and irrelevant. Defendant's brother was asked the question: "How long a time did those men work at this increase in wages that could have been saved had this stone work been furnished on time?" Answer: "Well, they worked about eight or nine months, I should judge." The plaintiff objected to the question as incompetent, irrelevant and immaterial, no foundation laid, not the best evidence. The ob-

jections were overruled in each instance and exception taken. It seems perfectly clear that the objections should have been sustained. They call for the conclusions of the witnesses upon one of the final facts to be found by the jury, the extent of the delay, if any, caused by the failure of plaintiff to deliver the stone in accordance with the contract. The answers to these questions furnish the only basis in the evidence upon which the jury could determine the amount of defendant's damages. The burden was upon the defendant to establish his damages, and it was incumbent upon him to present to the jury evidence of facts from which they could determine whether or not there had been delay caused by failure to furnish the stone, and the extent of such delay. It was not a question for the reception of expert or opinion evidence.

2. The allegation of damage in the answer was merely general, to the effect that plaintiff agreed to furnish all the stone by March 1, 1920, when in fact it was not furnished until the 1st day of November, 1920, to the damage of defendant in the sum of $3,000. The plaintiff contends that under such general allegation no evidence of damages such as offered by the defendant could be received; that they are special damages and must have been pleaded. There is no question but that special damages must be pleaded in order to make evidence thereof admissible, but, in the absence of a motion to make the pleading more specific, a general allegation of damages is sufficient to let in evidence of all such damages as would naturally flow from or would be presumed to be within the contemplation of the parties as the result of a breach of the contract. Defendant sought to recover as damages the wages paid his foreman during the period of delay, interest upon the amount he had invested in the contract, and loss of defendant's time. Such losses naturally accrue as the direct result of the breach of the contract and are presumed to have been within the contemplation of the parties and need not be specially pleaded, but the extent of such loss, if any, depends upon the period of time the work was delayed by

plaintiff's failure to deliver the stone in accordance with the terms of the contract, and, as we have above intimated, there was no competent evidence before the jury from which they could determine this essential fact, and so there is no sufficient evidence upon which to base a verdict as to these losses.

Defendant further claimed damage by reason of the increased cost of labor during the period of delay, and evidence was received over plaintiff's objection to the effect that the scale of wages for carpenters, bricklayers, and common labor was increased as to each in the sum of $2 a day about April 1, 1920, and defendant testified over proper objection that he was compelled to pay, because of the advance in the price of labor during the time he was delayed, the sum of $3,500. It appears, however, from the evidence of defendant's witnesses that the foundation for the building had been erected to the grade level in the fall of 1919, and that nothing was done toward the superstructure until the 15th day of March, 1920, when some of the stone was delivered, and that the increase in the wage scale went into effect before they were ready for the cut stone. It is undisputed that the masons, carpenters and laborers were not paid for any time they did not work, and defendant produces no evidence of any payments made by him on these accounts during or on account of the delay, his evidence being to the effect that by reason of the delay he could only work one or two masons at a time, whereas if stone had been delivered as required they could have worked five or six. There is no evidence except the statement of defendant's conclusion that the cost of labor was greater than it would have been but for the delay. It is not claimed that the building could have been completed before such increase if the stone had been delivered on time. It seems quite evident, under these circumstances, that the increased cost of labor to the contractor was not the result of delay in furnishing the stone; he would have been subjected to the same increase if the stone had been delivered on time. In the situation of the case as developed on the trial, the

evidence of the increase in the wage scale was immaterial and should have been excluded.

3. Instruction No. 11 is the only one given upon the measure of damages, and is as follows:

"As already stated in these instructions, the plaintiff is entitled to recover $1,336. If you find the defendant Young is entitled to recover damages against the plaintiff, his recovery would be limited to any actual injury resulting from delay in the completion of the building caused by the plaintiff, which were not due to labor strikes. You may, in determining the amount, take into consideration the loss, if any, of defendant Young's time, the increased cost of labor, if any, during a period of delay caused by the plaintiff."

This instruction is too general and furnished no accurate guide for the jury in determining the damages. Furthermore, it permitted the jury to take into consideration the increased cost of labor, which, as we have shown, was immaterial and furnished no proper item of damage for the jury to consider.

The errors above pointed out were clearly prejudicial to the plaintiff and require the reversal of the judgment.

REVERSED AND REMANDED.

Note—See Evidence, 22 C. J. p. 573, sec. 678 (1925 Ann.); Damages, 17 C. J. p. 1001, sec. 305—Sales, 35 Cyc. p. 630.